[No. 31350-9-I.   Division One.   December 27, 1993.]

ALLIED FINANCIAL SERVICES, INC., *Respondent*, v. DERRELL L. MANGUM, ET AL, *Appellants*.

*Frederick H. Ockerman,* for appellants.

*Steven J. Gordon* and *Law Offices of Steven J. Gordon,* for respondent.

PEKELIS, A.C.J. — Derrell and Carol Mangum (the Mangums) appeal the trial court's ruling which prohibited them

from calling witnesses at trial as a sanction for their failure to submit a witness list required by the pretrial discovery order.[1] We affirm.

Allied brought an action against Derrell and Carol Mangum claiming that they had breached a joint venture agreement. At the bench trial, the Mangums appeared pro se. The court ruled that the Mangums would not be allowed to call witnesses at trial because the Mangums had failed to submit a witness list as required by a pretrial discovery order. The pretrial discovery order, signed by Mr. Mangum, warned in capital letters that the failure to comply with the order may result in the exclusion of evidence. At the end of trial, the court ruled in Allied's favor and awarded Allied $29,535 in damages and its attorney's fees.

The Mangums, represented by counsel, moved for a new trial, which the court denied. At the hearing, the Mangums argued, *inter alia*, that the court had erroneously refused to allow them to call witnesses at trial and that it should reopen the record to allow their witnesses to testify pursuant to CR 59(g). The court refused on the same grounds as those relied on in its original ruling.

At a later hearing held for the purpose of taking Carol Mangum's testimony, the Mangums raised the issue again. The Mangums' counsel made an offer of proof as to the expected testimony of two witnesses who the Mangums claimed had been identified through discovery, but had not been listed on a witness list. The court again refused to allow the Mangums to call additional witnesses, reasoning that the two witnesses allegedly identified through discovery could have been anticipated and were not rebuttal witnesses.

On appeal, the Mangums contend that, even though they had failed to submit a witness list required by the pretrial discovery order, the court abused its discretion by not allowing them to call witnesses at trial.

---

[1] The Mangums appealed other trial court rulings, but at oral argument they conceded that Allied Financial Services, Inc. (Allied) had properly paid its corporate license fees at the commencement of trial and that the trial court did not err in amending the pleadings to reflect Allied's corporate name change. Thus, we do not address these issues.

■ As a preliminary matter, Allied argues that we cannot review whether the court abused its discretion by sanctioning the Mangums because the Mangums have failed to provide a sufficient trial record on appeal. Although the Mangums have failed to designate as part of the record the record of proceedings which contains the court's initial ruling and the pretrial discovery order, we believe the issue is sufficiently preserved to merit review because we can discern from the record before us the basis for the trial court's sanction. *See State v. Estabrook*, 68 Wn. App. 309, 315, 842 P.2d 1001, *review denied*, 121 Wn.2d 1024 (1993). The record indicates that the trial court imposed the sanction because the Mangums failed to submit a witness list as required by the pretrial discovery order issued pursuant to King County Local Rule (LR) 16(a)(3).

First, the Mangums contend that the right to call witnesses listed by the opposing party is implicit in LR 16(a)(3) and, at minimum, they should have been allowed to call those witnesses disclosed on Allied's witness list.

The pretrial discovery order was issued pursuant to LR 16(a)(3) which provides:

> [T]he parties shall exchange, not later than 21 days before the scheduled trial date: (A) lists of witnesses whom each party expects to call at trial . . . *Any witness . . . not listed may not be used at trial*, unless the Court orders otherwise for good cause and subject to such conditions as justice requires.

(Italics ours.)

■ The rules of statutory construction apply to court rules. *State v. Greenwood*, 120 Wn.2d 585, 592, 845 P.2d 971 (1993). If language is unambiguous, its meaning must be derived from the wording used. *Tellevik v. 31641 West Rutherford St.*, 120 Wn.2d 68, 76, 838 P.2d 111, 845 P.2d 1325 (1992). The term "any" has been interpreted to mean "every" and "all". *State v. Smith*, 117 Wn.2d 263, 271, 814 P.2d 652 (1991).

The Mangums' position is contrary to the plain language of LR 16(a)(3) and the official comment to LR 16(a)(3), which states: "*All* witnesses must be listed, including those whom a party plans to call as a rebuttal witness." (Italics ours.)

Thus, we hold that, in order to call witnesses at trial, LR 16(a)(3) requires a party to list "any" and *all* witnesses, including those listed by the opposing party, unless the court orders otherwise for good cause.[2]

Second, the Mangums contend that the trial court can only exclude witnesses, as a sanction under LR 16(a)(3), when the opposing party shows actual prejudice from the failure to provide a witness list. From this, they argue that they should have been allowed to call the two witnesses allegedly disclosed in discovery because Allied has not shown actual prejudice from their failure to identify them on a witness list.

■ We disagree. Case law interpreting CR 37, which authorizes the imposition of sanctions for the failure to comply with discovery orders, provides a useful framework for analyzing LR 16(a)(3).[3] In the context of CR 37 sanctions, the trial court does not abuse its discretion by excluding testimony as a sanction when there is a showing of intentional or tactical nondisclosure, willful violation of a court order, or other unconscionable conduct. *Fred Hutchinson Cancer Research Ctr. v. Holman*, 107 Wn.2d 693, 706, 732 P.2d 974 (1987); *Alpine Indus., Inc. v. Gohl*, 30 Wn. App. 750, 760, 637 P.2d 998, 645 P.2d 737 (1981), *review denied*, 97 Wn.2d 1013 (1982). A violation of a court order without reasonable excuse will be deemed willful. *Lampard v. Roth*, 38 Wn. App. 198, 202, 684 P.2d 1353 (1984); *Anderson v. Mohundro*, 24 Wn. App. 569, 574, 604 P.2d 181 (1979), *review denied*, 93 Wn.2d 1013 (1980). Thus, under

---

[2] The Mangums' argument that the right to call the opposing party's witnesses is mandated by the Sixth Amendment is meritless. The Sixth Amendment expressly applies to criminal cases, and we reject the argument advanced by counsel at oral argument that the "penumbra" of the Sixth Amendment extends to civil cases.

[3] The pertinent provision of CR 37(b) states:

"(2) . . . [I]f a party fails to obey an order entered under rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following . . .
"....
"(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence . . .".

LR 16(a)(3), prejudice is not a prerequisite to the court's exclusion of witnesses as a sanction for a party's willful failure to submit a witness list.[4]

In conclusion, the trial court did not abuse its discretion when it prohibited the Mangums from calling witnesses at trial because the Mangums "willfully violated" the discovery order by failing to supply any reason for their noncompliance.

Affirmed.

SCHOLFIELD and AGID, JJ., concur.

---

[4]This rule is entirely consistent with the general principle that the trial court has vast discretion in deciding whether and how to sanction a party's willful violation of a court order by the exclusion of testimony. *See Lampard*, 38 Wn. App. at 202. Hence, in the absence of prejudice to the other side, the trial court does not necessarily abuse its discretion when it *refuses to exclude* witness testimony for a willful violation of a court order, *see Estate of Foster*, 55 Wn. App. 545, 548-49, 779 P.2d 272 (1989), nor does it necessarily abuse its discretion when it *opts to exclude* testimony, as the trial court did here.

However, prejudice does affect the result in two situations. First, it is reversible error for the trial court not to exclude testimony when the other party would be prejudiced by a willful violation of a court order. *See Hampson v. Ramer*, 47 Wn. App. 806, 812, 737 P.2d 298 (1987). In addition, prejudice is relevant in cases where the decision to exclude the testimony stems, not from a willful violation of a court order, but from the fact that the witness was unobtainable and not disclosed until just before or during trial. *See Miller v. Peterson*, 42 Wn. App. 822, 825, 714 P.2d 695, *review denied*, 106 Wn.2d 1006 (1986).