210 P.3d 326 (2009)
Maureen T. BLAIR and Kenneth E. Blair, Appellants,
v.
TA-SEATTLE EAST # 176, dba Travelcenters of America, Respondent, and
Oak Hill Capital Management, Inc., Defendant.
No. 62033-9-I.
Court of Appeals of Washington, Division 1.
June 29, 2009.
*327 Todd S. Richardson, Clarkston, WA, for Appellants.
Rodney L. Umberger Jr., Daniel W. Ferm, Williams Kastner & Gibbs, Seattle, WA, for Respondent.
GROSSE, J.
¶ 1 A trial court has the authority to strike a party's witnesses as a sanction where there is a showing of intentional or tactical nondisclosure, willful violation of a court order, or unconscionable conduct. A party's failure to meet specific court ordered discovery deadlines is a presumptively willful violation of the court's orders. Here, a personal injury plaintiff repeatedly failed to timely disclose possible witnesses and offered no reasonable explanation for failure to do so. We hold that the trial court acted within its discretion in striking some of the plaintiff's witnesses. Further, because causation could not be established without expert medical testimony, the trial court properly granted summary judgment dismissal. Thus, we affirm.

FACTS
¶ 2 On May 12, 2003, Maureen Blair, an experienced commercial truck driver, stopped at a truck stop off Interstate 90 in North Bend, Washington, where she slipped and fell in a puddle of spilled gasoline near the pumps. Blair was able to drive her truck away from the fill station and continued to work as a commercial truck driver in the following weeks. But Blair suffered from increasing pain and loss of physical abilities, including those required to perform her job, because of degenerative hip arthritis for which she eventually underwent several surgeries. Blair alleges her degenerative hip arthritis was caused by her May 2003 fall at the truck stop. In May 2006, Blair filed a personal injury suit against TravelCenters, the truck stop operator.
¶ 3 On May 10, 2006, under former King County Local Rule (KCLR) 4, the trial court issued an order setting a case schedule. The trial date was set for October 22, 2007. The case schedule also required the parties to *328 disclose possible primary witnesses by May 21, 2007, and any additional possible witnesses by July 2, 2007.[1] On July 11, well after the initial deadline, Blair disclosed a list of possible witnesses that was deficient because it lacked much of the information required under former KCLR 26(b), such as summaries of any expert witnesses' testimony and a brief description of their credentials.
¶ 4 TravelCenters then moved to strike Blair's disclosure of possible witnesses because it was untimely and for no legitimate cause in violation of the trial court's case scheduling order. On August 14, 2007, the trial court granted that motion in part and denied it in part, stating:
Witness #11 in Plaintiff's Disclosure of Possible Primary Witnesses is stricken. Of the remaining 14 witnesses, plaintiff shall select 7 to be called as witnesses and notify defendant by August 17, 2007 which 7 are to be called. The motion to strike 7 of the 14 witnesses is granted. Plaintiff shall pay Defendant $750.00 in terms.
¶ 5 The trial court did not enter written findings when it struck seven of Blair's fourteen untimely disclosed possible witnesses. With one exception, the court did not specify which witnesses must be stricken, only how many. Blair produced an amended possible witness disclosure list on August 17.[2] One month later, Blair moved for clarification of the trial court's August 14 order striking witnesses and imposing sanctions. Blair specifically sought the court's assurance that she could call certain witnesses that TravelCenters had previously identified in its own disclosure lists and whom Blair had "reserved" the right to call. Those witnesses included Dr. Owen Higgs and Keith Drury, a physical therapist. The clarification motion was denied.
¶ 6 On October 8, Blair filed a pretrial witness list under former KCLR 16(a)(4) (2006), naming eleven possible witnesses, including Dr. Higgs and Drury. On October 15, the trial court granted TravelCenters' motion to strike those two witnesses. Without Dr. Higgs or Drury, Blair had no expert medical witnesses for trial.
¶ 7 On October 19, TravelCenters moved for dismissal or summary judgment because Blair could not meet her burden of proof absent expert medical opinion. Without such testimony, TravelCenters argued that Blair could not prove her degenerative hip arthritis and related surgeries were the result of her May 12, 2003 fall at the truck stop[3] or that such costs for treatment were necessary and reasonable. On June 30, 2008, the trial court granted summary judgment dismissal. Blair timely appeals.

ANALYSIS
¶ 8 A trial court has broad discretion in deciding whether and how to sanction a party for violations of discovery orders.[4] Absent a manifest abuse of this discretion, we will not overturn a trial court's choice of sanctions for noncompliance with a discovery order.[5] A trial court may properly exclude witnesses or testimony as a sanction where there is a showing of intentional or tactical nondisclosure, willful violation of a court order, or unconscionable conduct.[6] A violation of a court order without reasonable excuse will be deemed willful.[7] Here, Blair failed to comply with the trial court's discovery orders *329 and was unable to provide any legitimate reason for that failure. Therefore, Blair's violation of discovery orders is deemed willful. The trial court did not abuse its discretion when it struck seven of Blair's possible witnesses and when it struck Dr. Higgs and Dairy from the pretrial witness and exhibit list.
¶ 9 Blair argues that the harsh sanctions cannot be sustained because of the court's failure to enter written findings explaining the court's rationale in accordance with Burnet v. Spokane Ambulance.[8] Although the trial court did not enter findings on the record demonstrating its consideration of the Burnet factors, the record before us provides adequate grounds to evaluate the trial court's decision in imposing discovery sanctions.[9] As our Supreme Court observed in Mayer v. Sto Industries, Inc., "nothing in Burnet suggests that trial courts must go through the Burnet factors every time they impose sanctions for discovery abuses."[10]
¶ 10 The purpose of imposing sanctions generally is to deter, to punish, to compensate, and to ensure that the wrongdoer does not profit from the wrong.[11] The trial court also has an interest in effectively managing its caseload, minimizing backlog, and conserving scarce judicial resources that justify the imposition of appropriate sanctions.[12]
¶ 11 Here, the trial court tailored its sanctions to the circumstances present. Earlier in the discovery process when Blair's deficient disclosure was merely untimely, the trial court's sanctions did not exclude any particular witnesses, save one, and left Blair to make the determination. The trial court did not err in excluding the two expert witnesses Blair identified only a few weeks prior to trial.
¶ 12 Blair's argument that she reserved the right to call any possible witnesses previously disclosed by TravelCenters under former KCLR 26(b) is without merit.[13] Former *330 KCLR 26(b)(3)(A) and (B) expressly requires that the name, address, and phone number as well as relevant knowledge be provided for any possible lay witness. Further, the rule requires that a summary of opinions and the basis therefore be provided for any possible expert witness. TravelCenters listed Dr. Higgs and Drury as possible nonexpert witnesses. Blair would have her "reservation of rights" convert an adversary's nonexpert witness into an expert without complying with the rules.
¶ 13 Blair was barred from adding additional witnesses other than the seven identified after the court ordered seven of the fourteen untimely disclosed stricken. The court's denial of the clarification in which Blair specifically requested she be allowed to name as possible witnesses, some that had previously been identified by TravelCenters, should have left no doubt as to the court's order. And again, at no time did Blair provide the trial court with any valid reason for her delay in failing to comply with the case schedule's discovery deadlines. Difficulty in locating possible witnesses' contact information or in timely taking depositions of known possible witnesses does not excuse a party from compliance with court ordered deadlines. Blair had received TravelCenters' disclosure that included information for Dr. Higgs and Drury in May 2007, but made no attempt to depose or otherwise secure their appearance at trial until that August.
¶ 14 Without expert medical testimony, Blair cannot establish the existence of an element essential to her claim on which she bears the burden of proof. Here, Blair must prove: (1) the existence of a duty, (2) a breach of that duty, (3) resulting injury, and (4) that her injuries were proximately caused by the breach.[14] Here, she is unable to prove the third and fourth elements without expert medical testimony. Blair could testify at trial regarding her fall, its alleged impact on her, and her resulting surgeries, but she cannot establish proximate causation. That lack of proof on proximate causation is fatal to Blair's case. The trial court properly granted summary judgment to TravelCenters.
¶ 15 The trial court is affirmed.
WE CONCUR: APPELWICK and COX, JJ.

Official Comment
NOTES
[1] See former KCLR 26 (2006).
[2] The trial court denied Blair's subsequent request to add to her possible witness disclosure list an entirely new witness, an employee from the truck stop, because the witness's contact information had only recently been discovered.
[3] Neither Dr. Higgs nor Drury was ever deposed, so it is unknown what the substance of their testimony at trial might have been.
[4] Goodman v. Boeing Co., 75 Wash.App. 60, 84, 877 P.2d 703 (1994), aff'd on other grounds, 127 Wash.2d 401, 899 P.2d 1265 (1995).
[5] Burnet v. Spokane Ambulance, 131 Wash.2d 484, 494, 933 P.2d 1036 (1997).
[6] Burnet, 131 Wash.2d at 494, 933 P.2d 1036; Allied Fin. Servs., Inc. v. Mangum, 72 Wash.App. 164, 168, 864 P.2d 1 (1993).
[7] Allied Fin. Servs., 72 Wash.App. at 168-69, 864 P.2d 1; Gammon v. Clark Equip. Co., 38 Wash. App. 274, 280, 686 P.2d 1102 (1984).
[8] 131 Wash.2d 484, 494, 933 P.2d 1036 (1997).
[9] Blair cites Division Three's opinion in Peluso v. Barton Auto Dealerships, Inc., 138 Wash.App. 65, 69, 155 P.3d 978 (2007), for the proposition that this failure is reversible error per se. We decline to follow Peluso and its reasoning interpreting the Burnet decision.
[10] 156 Wash.2d 677, 687-88, 132 P.3d 115 (2006).
[11] Physicians Ins. Exch. v. Fisons Corp., 122 Wash.2d 299, 355-56, 858 P.2d 1054 (1993) (citing Burnet, 131 Wash.2d at 495-96, 933 P.2d 1036).
[12] See Woodhead v. Discount Waterbeds, Inc., 78 Wash.App. 125, 129, 896 P.2d 66 (1995) (citing Wagner v. McDonald, 10 Wash.App. 213, 217, 516 P.2d 1051 (1973)).
[13] Blair relies on former KCLR 26(b) (2006) and the official comment to the rule:

(b) Disclosure of Primary Witnesses. Required Disclosures
(1) Disclosure of Primary Witnesses: Each party shall, no later than the date for disclosure designated in the Case Schedule, disclose all persons with relevant factual or expert knowledge whom the party reserves the option to call as witnesses at trial.
(2) Disclosure of Additional Witnesses: Each party shall, no later than the date for disclosure designated in the Case Schedule, disclose all persons whose knowledge did not appear relevant until the primary witnesses were disclosed and whom the party reserves the option to call as witnesses at trial.
(3) Scope of Disclosure: Disclosure of witnesses under this rule shall include the following information:
(A) All Witnesses. Name, address, and phone number.
(B) Lay Witnesses. A brief description of the witness's relevant knowledge.
(C) Experts. A summary of the expert's opinions and the basis therefore and a brief description of the expert's qualifications.
(4) Exclusion of Testimony. Any person not disclosed in compliance with this rule may not be called to testify at trial, unless the Court orders otherwise for good cause and subject to such conditions as justice requires.
....
Official Comment
This rule does not require a party to disclose which persons the party intends to call as witnesses at trial, only those whom the party might call as witnesses. Cf. LCR 16(a)(3)(A) (requiring the parties, not later than 21 days before trial, to exchange lists of witnesses whom each party "expects to call" at trial) and Official Comment to LR 16.
This rule sets a minimum level of disclosure that will be required in all cases, even if one or more parties have not formally requested such disclosure in written discovery. The rule is not intended to serve as a substitute for the discovery procedures that are available under the civil rules to preclude or inhibit the use of those procedures. Indeed, in section (f) the rule specifically provides to the contrary.
[14] Hutchins v. 1001 Fourth Ave. Assocs., 116 Wash.2d 217, 220, 802 P.2d 1360 (1991).