254 P.3d 797 (2011)
171 Wash.2d 342
Maureen T. BLAIR and Kenneth E. Blair, Petitioners,
v.
TA-SEATTLE EAST NO. 176, d/b/a TravelCenters of America, Respondent, and
Oak Hill Capital Management, Inc., Defendant.
No. 83715-5.
Supreme Court of Washington, En Banc.
Argued October 26, 2010.
Decided April 21, 2011.
*798 Kenneth Wendell Masters, Masters Law Group PLLC, Bainbridge Island, WA, for Petitioners.
Rodney L. Umberger Jr., Attorney at Law, Daniel W. Ferm, Williams Kastner & Gibbs PLLC, Seattle, WA, for Respondent.
STEPHENS, J.
¶ 1 This case requires us to consider whether a trial court abused its discretion when it excluded witnesses as a sanction for a discovery violation, without making a record of the basis for its decision. As a result of the witness exclusion, the trial court entered summary judgment in favor of the defendant and dismissed the plaintiff's case with prejudice. The Court of Appeals affirmed. We reverse because the trial court abused its discretion when it imposed the discovery sanction without setting forth the reason for its sanction on the record, as required by Burnet v. Spokane Ambulance, 131 Wash.2d 484, 933 P.2d 1036 (1997).

Facts and Procedural History
¶ 2 Petitioner Maureen Blair was a long-haul trucker. In May 2003, she slipped and fell on a gasoline spill in a truck stop parking lot operated by respondent, TravelCenters of America. The fall set off preexisting but asymptomatic degenerative arthritis in her hips. Blair experienced increasing pain and decreasing mobility, culminating with a total hip replacement in 2005. Her condition eventually prevented her from returning to work as a trucker because of the long hours of sitting associated with the job and the need to climb in and out of truck cabs. Blair and her husband brought suit against TravelCenters on May 10, 2006. A case schedule issued the same day set trial for October 22, 2007. Under the schedule, proposed witness lists were due May 21, 2007. Additional witnesses were to be disclosed by July 2, 2007. The discovery cutoff date was September 4, 2007. Final witness lists were due to be exchanged between the parties on October 1, 2007.
¶ 3 On May 21, 2007, TravelCenters disclosed its proposed witness list, identifying several current or former employees of TravelCenters, as well as numerous medical providers who treated Blair, and two independent experts retained by the defense.
¶ 4 Blair failed to disclose witnesses by May 21. On May 25, Blair's counsel, Todd S. Richardson, sent TravelCenters a letter apologizing for the delay and promising to disclose witnesses the next week. Richardson *799 also enclosed a list of proposed witnesses, but listed only their names.
¶ 5 Blair did not disclose witnesses the following week. On June 14, Blair filed a motion to continue the trial date. The record suggests that the continuance request was supported by a declaration discussing several significant events in Richardson's practice, including the departure of a lawyer assigned to the case, which caused a heavy workload and "turmoil" in the office. On July 11, TravelCenters opposed the continuance. On July 13, the trial court denied the motion for a continuance.
¶ 6 Meanwhile, on July 2, 2007, the deadline for the disclosure of additional witnesses passed. On July 11, the same day TravelCenters filed its opposition to Blair's continuance request, Blair disclosed her proposed witness list. She listed several employees of her trucking company, Swift Transportation, as well as two current or former employees of TravelCenters also listed in TravelCenters' witness disclosure. Blair's disclosure did not fully meet the requirements of King County Local Rule (KCLR) 26(b) in that some witnesses were listed by first name only or were listed without the required contact information.
¶ 7 On August 3, TravelCenters moved to strike Blair's possible witness list on the ground that it was not timely served. On August 9, Blair filed an opposition to the motion to strike, arguing that TravelCenters had failed to arrange a discovery conference before filing its motion as required by KCLR 37(e) and failed to show the discovery violation was willful or prejudicial. In support of the opposition, Richardson filed a declaration detailing several personnel setbacks his office had experienced and other obstacles that thwarted the timely disclosure of his client's possible witnesses.
¶ 8 On August 14, Judge Harry J. McCarthy granted TravelCenters' motion to strike with modifications. Rather than entering the proposed order striking all of the plaintiff's named witnesses, Judge McCarthy interlineated the following:
Witness #11 on Plaintiff's Disclosure of Possible Primary Witnesses is stricken. Of the remaining 14 witnesses, plaintiff shall select 7 to be called as witnesses and notify defendant by August 17, 2007 which 7 are to be called. The motion to strike 7 of the 14 witnesses is granted. Plaintiff shall pay defendant $750.00 in terms.[1]
Clerk's Papers (CP) at 217. The court did not enter any findings supporting the order. On August 17, 2007, Blair submitted an amended disclosure of possible primary witnesses. The disclosure stated that "[i]n addition to any witnesses listed and identified by Defendants," Blair intended to call seven other named witnesses. CP at 439. She reserved the right "to call as witnesses at trial any primary or rebuttal witnesses, including expert witnesses, disclosed by Defendant, or otherwise identified during the course of discovery." CP at 442. The seven named witnesses did not include any medical providers, but rather former and current employees of TravelCenters as well as former and current employees of Blair's trucking company.
¶ 9 Counsel for TravelCenters immediately communicated an objection to the witness list via letter to Richardson. TravelCenters maintained that neither the court rules nor the trial court's order of August 14 permitted Blair to call TravelCenters' witnesses (other than its corporate officer). A series of correspondence on the issue ensued between the parties, culminating in Blair's motion to clarify the August 14 ruling. The trial court denied the motion to clarify without explanation or comment.
¶ 10 On October 1, 2007, the parties exchanged their final witness lists. TravelCenters listed three individuals, all former or current employees of TravelCenters. It reserved the right to call any witnesses identified by other parties. Blair listed 11 witnesses: the 7 previously identified in the August 17 disclosure, herself and her husband, and 2 witnesses previously disclosed by TravelCenters, Blair's physician, Dr. Owen *800 Higgs, and her physical therapist, Keith Drury.
¶ 11 On October 4, TravelCenters brought a motion to strike Dr. Higgs and Mr. Drury as witnesses. On October 15, the trial court granted the motion and fined the plaintiff $500, noting that sanctions were appropriate because the "plaintiff has violated this Court's order [of August 14] by adding 2 additional witnesses that they were prohibited from adding due to untimely disclosure." CP at 278. On October 19, three days before the scheduled trial date, TravelCenters moved for summary judgment dismissal of Blair's claim on the grounds she could not prove causation in light of the court's order striking her health care providers. Blair argued in opposition that even if her witnesses were not allowed to testify, there was sufficient evidence of causation in the form of medical records available for admission at trial. On June 20, 2008, the trial court granted TravelCenters' motion for summary judgment and dismissed Blair's claims with prejudice.
¶ 12 Blair appealed, The Court of Appeals affirmed the trial court. Blair v. TA-Seattle East No. 176, 150 Wash.App. 904, 210 P.3d 326 (2009). We granted Blair's petition for review. 168 Wash.2d 1006, 226 P.3d 781 (2010).

Analysis
¶ 13 This case concerns the propriety of three rulings entered by the trial courttwo orders striking various witnesses relied on by the plaintiff, and ultimately the order granting summary judgment of dismissal.

Witness Exclusion
¶ 14 The trial court twice sanctioned Blair by excluding her witnesses, entering orders on August 14, 2007, and on October 15, 2007. Blair challenges the propriety of these orders on the ground that the record does not reflect the trial court's consideration of the Burnet factors, 131 Wash.2d 484, 933 P.2d 1036, when entering the orders.
¶ 15 We review a trial court's sanctions for discovery violations for abuse of discretion. Mayer v. Sto Indus., Inc., 156 Wash.2d 677, 684, 132 P.3d 115 (2006). In punishing a discovery violation, "the court should impose the least severe sanction that will be adequate to serve the purpose of the particular sanction, but not be so minimal that it undermines the purpose of discovery." Burnet, 131 Wash.2d at 495-96, 933 P.2d 1036. Although a trial court generally has broad discretion to fashion remedies for discovery violations, when imposing a severe sanction such as witness exclusion, "the record must show three thingsthe trial court's consideration of a lesser sanction, the willfulness of the violation, and substantial prejudice arising from it." Mayer, 156 Wash.2d at 688, 132 P.3d 115 (relying on Burnet, 131 Wash.2d at 494, 933 P.2d 1036). This Court in Mayer stated, "[We] ... hold that the reference in Burnet to the `"harsher remedies allowable under CR 37(b)"' applies to such remedies as dismissal, default, and the exclusion of testimonysanctions that affect a party's ability to present its casebut does not encompass monetary compensatory sanctions." Id. at 690, 132 P.3d 115 (quoting Burnet, 131 Wash.2d at 494, 933 P.2d 1036 (quoting Snedigar v. Hodderson, 53 Wash. App. 476, 487, 768 P.2d 1 (1989), rev'd in part, 114 Wash.2d 153, 786 P.2d 781 (1990))).
¶ 16 Neither of the trial court's orders striking Blair's witnesses contained any findings as to willfulness, prejudice, or consideration of lesser sanctions, nor does the record reflect these factors were considered. For example, there was no colloquy between the bench and counsel. There was no oral argument before the trial court entered its orders, and the orders themselves contain bare directives. Under Burnet and Mayer, the trial court therefore abused its discretion by imposing the severe sanction of witness exclusion in the August 14 and October 15 orders.
¶ 17 The Court of Appeals concluded that the trial court did not need to set forth its reasons for striking the witnesses, quoting Mayer in noting that "`nothing in Burnet suggests that trial courts must go through the Burnet factors every time they impose sanctions for discovery abuses.'" Blair, 150 Wash.App. at 909-10, 210 P.3d 326 (quoting Mayer, 156 Wash.2d at 687-88, 132 P.3d *801 115). But Mayer clearly held that trial courts do not have to utilize Burnet when imposing lesser sanctions, such as monetary sanctions, but must consider its factors before imposing a harsh sanction such as witness exclusion. Mayer, 156 Wash.2d at 688, 690, 132 P.3d 115. The Court of Appeals erred when it concluded otherwise.[2]
¶ 18 TravelCenters argues that the record below speaks for itself, so there was no need for the trial court to explain its reasons on the record. Supp'l Br. of Resp't at 7-8. But TravelCenters relies on the subsequent, October 15 order imposing additional discovery sanctions on Blair to backfill support for the August 14 order. For example, TravelCenters claims that the October 15 order shows that the trial court first considered lesser sanctions because it had already imposed a lesser sanction when it struck merely half, not all, of Blair's witnesses in its August 14 order. Id. at 9. TravelCenters further argues that the record speaks for itself as to willfulness because Blair's counsel perpetrated a second discovery abuse, giving rise to the October 15 order, by allegedly violating the August 14 order. As to prejudice, TravelCenters argues that it would have been subjected to prejudice had Blair been allowed to "call undeposed, out-of-county health care providers without even a summary of expected opinion testimony." Id. at 10.
¶ 19 We are not persuaded by these arguments. The August 14 order needed to be supportable at the time it was entered, not in hindsight by reference to the October 15 order. While recognizing that "the trial court did not enter findings on the record demonstrating its consideration of the Burnet factors," the Court of Appeals nonetheless agreed with TravelCenters that the juxtaposition of the August 14 and October 15 orders indicated the trial court considered at least one of the Burnet factors, i.e., lesser sanctions. Blair, 150 Wash.App. at 909-10, 210 P.3d 326. That is, the Court of Appeals believed the August 14 order represented a lesser sanction (striking a number of witnesses) than the October 15 order (striking two specific witnesses). Even if the two orders could be read this way, the August 14 order needed to set forth findings under Burnet independent of the later-entered October 15 order.[3]
¶ 20 The October 15 order itself is not supported by Burnet findings. TravelCenters appears to claim no such support is required because the October 15 order represents a sanction for Blair's violation of the August 14 order limiting her to calling a total of seven witnesses. Suppl. Br. of Resp't at 9, 11-12 (relying on Scott v. Grader, 105 Wash. App. 136, 18 P.3d 1150 (2001) and Johnson v. Horizon Fisheries, LLC, 148 Wash.App. 628, 201 P.3d 346 (2009)). TravelCenters' cited authorities do not support its argument. Johnson is inapposite because there the trial court made the requisite findings before it imposed the harsh sanction of dismissal. 148 Wash.App. at 639-41, 201 P.3d 346. Scott did conclude that a court need not engage in a Burnet analysis when a harsh sanction is imposed as punishment for violating an earlier discovery order. Scott, 105 Wash.App. at 142, 18 P.3d 1150. Without approving or disapproving of this portion of Scott, we note that the situation there is distinguishable from this case because in Scott "[t]he court considered a range of sanctions before entering [the earlier order]." Id. Here, the earlier entered order was accompanied by no such consideration. It therefore cannot save the October 15 order.
*802 ¶ 21 Ultimately, the Court of Appeals misread Mayer and Burnet, and erroneously endorsed TravelCenters' view that an appellate court can consider the facts in the first instance as a substitute for the trial court findings that our precedent requires. We reject this premise and hold that the trial court abused its discretion when it imposed the sanction of witness exclusion that was not justified by findings in the record. We vacate the August 14 and October 15 orders to the extent they excluded Blair's witnesses.

Monetary Sanctions
¶ 22 Both the August 14 and the October 15 order also imposed monetary sanctions on Blair for discovery violations. As we observed earlier, a trial court may impose monetary sanctions without considering the Burnet factors. Mayer, 156 Wash.2d at 688, 690, 132 P.3d 115. Perhaps recognizing this, Blair has not asked us to reverse the imposition of the monetary sanctions. Thus, we do not disturb the trial court's imposition of monetary sanctions on Blair as punishment for discovery violations.[4]

Summary Judgment Order
¶ 23 Having vacated the portions of the discovery orders striking Blair's witnesses, the question remains as to whether the order granting summary judgment must also be reversed. TravelCenters argues that the trial court properly dismissed Blair's case with prejudice because she could not carry her burden to show causation or damages without testimony from her health care providers, and those witnesses were stricken. CP at 281. This argument underscores that the dismissal was premised on the exclusion of Dr. Higgs and Mr. Drury.[5]
¶ 24 Given our conclusion that the trial court abused its discretion when it struck Dr. Higgs and Mr. Drury in its October 15 order, there remains no basis for the summary judgment order of dismissal and we reverse it.[6]

CONCLUSION
¶ 25 The trial court abused its discretion when it imposed the severe sanction of witness exclusion in its August 14 order without considering and entering findings under Burnet. The trial court compounded its error when it again failed to engage in a Burnet discussion in its October 15 order striking specific witnesses disclosed by Blair. We reverse the Court of Appeals, vacate the sanction orders to the extent they struck Blair's witnesses, and reverse the order granting summary judgment to TravelCenters.
WE CONCUR: BARBARA A. MADSEN, Chief Justice, CHARLES W. JOHNSON, GERRY L. ALEXANDER, TOM CHAMBERS, SUSAN OWENS, MARY E. FAIRHURST, Justices, and RICHARD B. SANDERS, Justice Pro Tem.
*803 J.M. JOHNSON, J. (concurring).
¶ 26 I concur with the majority opinion and write separately only to articulate my understanding of its reasoning and result. I agree that a trial court imposing the harsh remedy of dismissal, default, or exclusion of testimony as a sanction for discovery violations must make findings of the Burnet factors on the record. Majority at 798; see also Burnet v. Spokane Ambulance, 131 Wash.2d 484, 494, 933 P.2d 1036 (1997); Mayer v. Sto Indus., Inc., 156 Wash.2d 677, 690, 132 P.3d 115 (2006). Since the court did not do so here, I concur in the majority's decision to vacate the sanction orders striking Blair's witnesses and reverse the order granting summary judgment.
¶ 27 However, I write separately to emphasize that the majority opinion does nothing to limit a trial judge's ability to control the court's docket, manage litigation, establish deadlines, or hold parties accountable for failure to comply with the court's deadlines. The burden of effectively overseeing the efficient administration of justice in Washington's courts rests heavily on the shoulders of trial court judges. Trial court judges continue to possess the authority under CR 37 to impose sanctions for discovery violations even harsh sanctions, such as dismissal, default, and exclusion of testimony. Likewise, where an attorney signs motions, pleadings, or other legal memoranda in violation of the dictates of CR 11, a court may impose monetary sanctions. CR 11(a).
¶ 28 In its opinion, the majority reaffirms the rule that a trial court imposing the harsh remedy of dismissal, default, or exclusion of testimony as a sanction for discovery violations must make Burnet factor findings on the record. It does nothing to limit the full panoply of sanctions available to a trial court judge to control litigation in his courtroom. With this understanding of the majority opinion, I respectfully concur.
NOTES
[1] Witness 11, a long-haul trucker, was identified only as "Jim," with a business address listed. CP at 105.
[2] On this point, the Court of Appeals acknowledged its holding conflicted with Division Three's reading of Mayer in Peluso v. Barton Auto Dealerships, Inc., 138 Wash.App. 65, 69, 155 P.3d 978 (2007). Blair, 150 Wash.App. at 909 n. 9, 210 P.3d 326. Peluso sets forth the correct reading of Mayer.
[3] The Court of Appeals also opined that the willfulness prong of the Burnet test was met because Blair "was unable to provide any legitimate reason for [her] failure" to comply with the trial court's discovery orders and the violations were therefore deemed willful. Blair, 150 Wash.App. at 909, 210 P.3d 326. But, if willfulness follows necessarily from the violation of a discovery order, then the on-the-record finding of willfulness that Burnet requires is meaningless. Moreover, Blair advanced a number of arguably valid reasons for the late-filed July 11 witness list that precipitated the August 14 order. CP at 127-31. There is no record that the trial court considered these reasons and found them lacking.
[4] Blair also petitioned for review on an issue involving the proper interpretation of a local court rule. Our result today does not require us to reach this issue.
[5] TravelCenters additionally argues that even if Blair had been allowed to call Dr. Higgs and Mr. Drury, dismissal is still appropriate because Blair made no "offer of proof that either person could and would have expressed opinions to support the Blair's causation allegations." Suppl. Br. of Resp't at 14 (citing Estate of Bordon v. Dep't of Corr., 122 Wash.App. 227, 245-47, 95 P.3d 764 (2004), review denied, 154 Wash.2d 1003, 114 P.3d 1198 (2005) and Aubin v. Barton, 123 Wash.App. 592, 98 P.3d 126 (2004)). Travel-Centers' cited authority reminds us that an offer of proof is expected where a court refuses to admit a particular piece of evidence or testimony during trial, but does not stand for the proposition that an offer of proof is needed when a key witness is struck as a sanction for a purported discovery violation. At the time of the dismissal, Dr. Higgs and Mr. Drury had already been stricken as a sanction. Blair's opposition to the summary judgment therefore made the argument that the documentary record would adequately carry her burden of proof on causation. There is no authority for the notion that an offer of proof was necessary either at the time Dr. Higgs and Mr. Drury were excluded or in the dismissal proceedings.
[6] Our resolution does not allow the trial court to make after-the-fact findings supporting its August 14 and October 15 orders, as this would be inappropriate. The reversal of summary judgment means the case will proceed toward trial with the opportunity for appropriate pretrial motions or discovery.