IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MARISA WUNDERLICH and JOSEPH WUNDERLICH, a married couple, | ) ) ) ) | No. 32655-1-III |
| Respondents, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| JOHN P. ROUSE and KARMA ROUSE, a married couple, THORPE-ABBOTT PROPERTIES LLC, and DOES 1-10, | ) ) ) ) ) | |
| Appellants. | ) | |

KORSMO, J. — Attorney Eric Nayes appeals the sanction imposed on him for his actions during the discovery phase of the underlying case. We conclude that the motions judge did not abuse her discretion and affirm the sanction order.

FACTS

Mr. Nayes represented Thorpe-Abbott Properties, LLC and its owners, John and Karma Rouse. Mr. Marshall Casey represented Marisa and Joseph Wunderlich. The Wunderlichs sued the Rouses and their company in the Spokane County Superior Court claiming that the plaintiffs had adversely possessed some of the land belonging to the defendants. John Rouse and Marisa Wunderlich are second cousins.

After the discovery disputes at issue here were resolved by the Honorable Maryann Moreno the case ultimately proceeded to bench trial before the Honorable Michael Price. Judge Price ruled for the defendants and entered judgment in their behalf, including an award of attorney fees for the successful defense. That ruling was not appealed to this court. Nonetheless, some discussion of the facts of the underlying case is necessary to put the discovery sanction ruling in context.

The suit involved ownership of land that has been in the family since 1967. The land was originally purchased by Romyne Rouse, John Rouse's grandfather, and at some later point was placed into trust. The Rouses acquired the land in 2001 by quitclaim deed, granted by the trustees, which included Ellen Heinemann—Romyne Rouse's sister and Marisa Wunderlich's grandmother. Ms. Heinemann also owned a farm immediately adjacent to the land at issue, which was acquired by the Wunderlichs.

The Rouses acquired the land intending to build a manufacturing facility and placed it into the ownership of Thorpe-Abbott Properties, LLC. In 2003, they succeeded in getting the land rezoned to light industrial, but ran into other delays stalling construction until 2013. Meanwhile, the Wunderlichs filed the present action asserting property rights to the land through adverse possession. They claimed to have been raising crops and grazing cattle on the land for at least 10 years with Ms. Heinemann, as their predecessor in interest, doing the same before. In response, Mr. Rouse claimed to have given Ms. Heinemann permission to farm the land until he was able to build his

2

factory. Shortly after this case was initiated, John Rouse filed a petition for guardianship of Ellen Heinemann, alleging that she was incapacitated and needed a professional guardian to manage her legal and financial decisions.

During the deposition of John Rouse, Mr. Casey asked a series of questions about Ms. Heinemann's alleged incapacity relating to her ability to care for herself. He then asked, "Does she have a demonstrated inability to adequately provide nutrition for herself?" to which Mr. Nayes objected and instructed his client not to answer, on the grounds that it is irrelevant to a claim of adverse possession.

In the Rouse's answer to the complaint they denied that any crops had been raised or cattle grazed on the land. During the deposition Mr. Rouse admitted that some hay had been raised on the land, but stated, "it's not a crop of any kind or size or value." Clerk's Papers (CP) at 18. Mr. Casey then asked him, "So if the Complaint had said they raised hay on the property, you wouldn't have denied that?" to which Mr. Rouse responded, "Probably not." *Id.* Mr. Casey then asked "If the Complaint had said they put cattle on the property versus grazed," at which point Mr. Nayes interjected asserting that these were purely hypothetical questions without foundation. *Id.* Mr. Nayes then became belligerent, and it does not appear that Mr. Casey was able to ask any rephrased version of the question.

Mr. Casey filed a motion to compel and request for sanctions. The motions judge determined that there was no basis for instructing Mr. Rouse not to answer the questions

3

and compelled answers to them. Additionally, the court determined that sanctions were appropriate, but reserved an award for another time. *Id*.

Following that, on the 21st of February, 2014, the Wunderlichs served a set of interrogatories and requests for document production addressed jointly to John and Karma Rouse and Thorpe-Abbott Properties, LLC. After the full 30 days allowable Mr. Nayes served a response containing only a laundry list of objections. To the interrogatories he generally objected to all the interrogatories on the grounds that they were not numbered in the proper sequence (no number 3 and two number 12s), that they were propounded jointly to the defendants and not individually, and that there was insufficient blank space to answer the interrogatories. He then objected individually to some of the interrogatories. He also objected to each request for production on some combination of the same eight objections. He then generally objected again to the request being submitted jointly to the defendants as well as objecting on the grounds that the requests did not specify a time, place, or manner for the production.

Mr. Casey immediately sent a request to discuss the issues under CR 26(i). Mr. Nayes responded that a full afternoon would be necessary and demanded that the conference be recorded by a court reporter. The conference failed to resolve matters, so Mr. Casey filed a new motion to compel. Judge Moreno granted the motion and imposed

4

sanctions on Mr. Nayes for both motions to compel.[1]  A total of $1,401.30 was entered

pursuant to CR 26(g) and an additional $275 was entered pursuant to CR 37.[2]

Mr. Nayes appealed both the sanction order and, by supplemental notice, the

sanction award, to this court.

## ANALYSIS

Mr. Nayes challenges both the sanction awarded for the deposition dispute and the

sanction awarded over the interrogatories.  Both parties also seek attorney fees for this

appeal.  We turn to those contentions in the order stated.

This court reviews discovery sanction rulings for abuse of discretion. *Blair v. TA-*

*Seattle E. No. 176*, 171 Wn.2d 342, 348, 254 P.3d 797 (2011); *Wash. State Physicians*

*Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 338, 858 P.2d 1054 (1993).

Discretion is abused when it is exercised on untenable grounds or for untenable reasons.

*State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

---

[1] Although it appears from the ruling that Mr. Nayes ultimately responded to the discovery requests prior to the hearing, our record does not indicate whether a ruling was ever entered on his individual objections.

[2] Judge Price also deducted the time Mr. Nayes spent on the discovery disputes from the attorney fees awarded in the judgment in favor of the Rouses.  Neither Mr. Nayes nor his clients have appealed this ruling.

*Deposition*

CR 37(a)(2) authorizes a party to move for an order compelling discovery whenever, *inter alia*, a person fails to answer a question propounded in a deposition. If a motion to compel is granted

> the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

CR 37(a)(4).[3]

Mr. Nayes contends that the challenged deposition questions were irrelevant and improper argumentative/hypothetical questions to a lay witness. Therefore, he contends that his objections were proper and not sanctionable.

However, the limits of relevancy are much broader in discovery than under the rules of evidence. *Barfield v. City of Seattle*, 100 Wn.2d 878, 886, 676 P.2d 438 (1984). Discovery broadly permits investigation into any information "reasonably calculated to lead to the discovery of admissible evidence." CR 26(b)(1). Given the context of the litigation, where the defense sought to have one of the plaintiffs' key witnesses declared legally incapacitated, the trial court's determination that questions in discovery

---

[3] The following paragraph of the rule is largely parallel and permits an award of fees and costs when a motion to compel is denied.

examining the scope of the alleged incapacity were relevant cannot be considered untenable. Whether the questions would have been relevant at trial would present a different question. ER 401. The trial court, however, could understandably conclude that they were a relevant topic of discovery.

Mr. Nayes also objected to a question on the grounds that it was hypothetical and argumentative. Again, he only points to law disallowing such questions on evidentiary standards at trial. *See Glazer v. Adams*, 64 Wn.2d 144, 150, 391 P.2d 195 (1964). While the question may have been unartfully phrased as a hypothetical "if the complaint had said they put cattle on the property instead of grazed," the substance of the question was whether Mr. Rouse would agree that the plaintiffs had put cattle on the property. As their possession and use of the property was a key fact underlying a claim of adverse possession, this was certainly a relevant inquiry for discovery. Again, the trial court's determination that this question sought appropriate material for discovery is tenable.

Having tenable bases for finding the challenged questions were discoverable the trial court did not abuse its discretion in imposing the sanction related to the deposition.[4] There was no error.

---

[4] It also should be noted that the sanctions imposed by the trial court were minimal, only covering the attorney's fees and costs associated with bringing the motion to compel and conducting an additional deposition of Mr. Rouse.

7

*Response to Interrogatories and Request for Documents*

Mr. Nayes also argues that he should not have been sanctioned over the interrogatory responses, contending that not enough space was provided to answer the questions and that it was improper to ask three parties to respond to a single request for production. He also argues that requiring a court reporter for the conference was not prohibited conduct. We agree with the trial court that counsel's behavior reflected "complete lack of cooperation in the discovery process" and that these responses were unreasonable and made for the purpose of delay. CP at 286-287.

CR 26(g) states in part:

Every request for discovery or response or objection thereto made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name. . . . The signature of the attorney or party constitutes a certification that the attorney or the party has read the request, response, or objection, and that to the best of their knowledge, information, and belief formed after a reasonable inquiry it is:
    (1) consistent with these rules . . .;
    (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and
    (3) not unreasonable or unduly burdensome. . . .

If a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, . . . an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney fee.

Responses in discovery "must be consistent with the letter, spirit and purpose of the rules." *Fisons*, 122 Wn.2d at 344.

Nothing could be further from complying with the spirit and purpose of the rule than the objection that insufficient space was provided in which to answer the questions asked. In an earlier time when typewriters ruled law offices, it was quite simple to respond "see attached" and type answers on the appropriate amount of paper. With modern word processing, even that approach would be quaint and seldom necessary.[5] In the rare instance where a request did not give space in which to answer, the remedy is to point out the deficiency to opposing counsel and ask for a properly formatted discovery request. The solution is not to await the end of the answer period and then non-responsively complain about the format. The trial court's determination that counsel acted for the purposes of delay and added expense was well supported by the evidence.

Similarly, the complaint that the three defendants were jointly requested to answer a single set of interrogatories borders on the frivolous. While the rule is written in the singular, as Mr. Nayes stresses in his arguments, they were essentially one party—a married couple and their LLC—and it could be reasonably assumed that they had one answer. Mr. Nayes represented all defendants, so we imagine that there was no conflict of interest among them or counsel could not have ethically represented all of them. In the event that more than one of the defendants would have to answer a question, the

---

[5] We note that the defendants were able to expand the answer space sufficiently to raise all of their objections.

9

responding party easily could be identified for each question. In light of the response given, we again understand why Judge Moreno ruled as she did.

The argument that there was no due date for the production of the documents—as required by CR 34(b)(2)(B)—likewise borders on the frivolous. The request indicated that the documents could be produced at a mutually convenient time. This apparent effort by the plaintiffs to accommodate the defense stands in stark contrast to the objection filed. But, again, if this open-ended accommodation created a difficulty for the defense, the easy answer was to point out why this approach was a problem and ask for a due date or else simply produce the material at a convenient time. However, Mr. Nayes and his clients did not follow either of those options.

Finally, Mr. Nayes contends that there was nothing improper in demanding that the CR 26(i) conference be reported. While we agree with his argument that there is no rule impediment to recording a CR 26(i) conference, the remainder of his argument founders on the trial court's conclusion that his motives[6] were impure—the purpose of the request, in the trial court's view, was simply to increase the costs of the litigation and delay resolution of the underlying case. If there was such a breakdown of trust between the opposing attorneys that recording the conference was necessary, an explanation of

---

[6] In this light, we do not address the arguments that some of the interrogatories were broad, vague, or otherwise deficient. The trial court did not address any of those specific complaints, so this court is not in a position to address the merits of them. They apparently were lost in the sound and the fury of the other arguments.

that need could have been put forth in response to the sanctions argument in order that the trial judge could consider the argument. That did not happen here.

In all, the trial court had very tenable reasons for imposing the sanctions, which were specifically tied to the costs of the sanctionable conduct. There was no abuse of the court's considerable discretion.

*Attorney Fees*

Mr. Nayes asks for attorney fees due to the need to pursue this appeal, while respondents seek fees for addressing the supplemental notice of appeal. We deny both requests.

RAP 18.1(a) allows this court to grant attorney fees if applicable law grants the right to such recovery. Attorney fees are available on appeal from a discovery sanction order. CR 37(d); *Magaña v. Hyundai Motor Am.*, 167 Wn.2d 570, 592-593, 220 P.3d 191 (2009). Mr. Nayes, however, was unsuccessful in this appeal and is not entitled to an award of fees.

The respondents seek fees only for the need to file a supplemental brief after the supplemental notice of appeal. While they properly complain that the appellant designated a far greater supplemental record than was needed, that expense did not fall on the respondents and is not a basis for granting any relief. The reduction of the sanction award to a judgment compelled the supplemental appeal and assignment of error. It would have been a hollow victory for Mr. Nayes to have prevailed on the sanction order

11

No. 32655-1-III
*Wunderlich v. Rouse*

if he also had failed to challenge the judgment and been bound by it regardless of the outcome of the appeal. It was not improper to file the supplemental appeal and supplemental brief.

Accordingly, both requests for attorney fees are denied. The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.

12