IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JAMES T. MORROW and DAWN M. MORROW, husband and wife, | ) ) ) | No. 32615-2-III |
| Appellants, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| JOHN DOE TOMSHA and VICKI A. TOMSHA, husband and wife, | ) ) ) | |
| Respondents. | ) ) | |

FEARING, J. — The trial court dismissed James and Dawn Morrow's lawsuit because their attorney failed to appear at a scheduling conference and then also failed to appear at a hearing to show cause as to why the suit should not be dismissed. We reverse and remand for the trial court to determine if defendant Vicki Tomsha suffered prejudice as the result of the Morrows' counsel's willful misbehavior and to consider if smaller penalties would be adequate.

## FACTS

On February 18, 2011, Vicki Tomsha struck James and Dawn Morrow's car while attempting to turn left onto Bigelow Gulch Road from Forker Road in Spokane County.

PROCEDURE

On February 18, 2014, James and Dawn Morrow filed a summons and complaint against Vicki Tomsha in superior court. The Morrows alleged that Vicki Tomsha's negligent driving caused them personal injuries and damages to their automobile. On February 18, the superior court clerk issued a case assignment notice and order that scheduled a status conference for May 23, 2014 at 9:00 a.m. The order directed the Morrows to serve a copy of it on Tomsha. The Morrows' counsel claims his office never received this order, or, if it was received, his office failed to insert the order in the Morrows' case file.

On May 16, 2014, a process server served Vicki Tomsha with a copy of the summons and complaint, but not the status conference notice. On May 22, 2014, the Morrows filed a declaration of service.

Neither party appeared at the May 23, 2014, case status conference. As a result, the trial court entered an order to show cause that summoned the Morrows and Vicki Tomsha to appear in court on June 6, 2014, at 8:30 a.m. The order notified the parties that failure to comply with the order "will result in dismissal with prejudice." Clerk's Papers (CP) at 10. The court mailed a copy of the order only to the Morrows' counsel's office. Counsel already had two hearings scheduled in superior court for the morning of June 6: a trial setting scheduling conference at 8:30 a.m. and a motion hearing at 9:00

a.m. Counsel did not contact the trial court issuing the order to show cause to disclose the scheduling conflict or attempt to reschedule the show cause hearing.

On May 29, 2014, Vicki Tomsha, through counsel, entered a notice of appearance and sent a copy of the notice to the Morrows' counsel office. Plaintiffs' counsel did not forward defense counsel a copy of the show cause order.

On June 6, 2014, both parties failed to appear at the show cause hearing. The Morrows' counsel attended his other two hearings at superior court that day, which hearings concluded at 10:00 a.m. Counsel then returned to his office, telephoned the trial court's judicial assistant, and left a voicemail regarding his conflicts. The judicial assistant did not return counsel's call. On June 6, the trial court entered an order of dismissal that found: "that the case is, in fact, inactive and good cause exists for dismissal. Parties have failed to appear." CP at 14. The court mailed copies of the order to both legal counsel.

On June 13, 2014, James and Dawn Morrow filed a motion for reconsideration that requested vacation of the order of dismissal. In support of this motion, the Morrows' counsel filed a declaration identifying his errors and arguing that dismissal was not a proper sanction. Counsel argued that his inattention prejudiced no party, nor violated CR 41.

3

The trial court denied James and Dawn Morrows' motion for reconsideration. The court issued findings of fact and conclusions of law, the relevant portions of which declared:

> Plaintiffs' counsel in his affidavit does not explain why he did not contact this department until <u>after</u> the show cause hearing had already taken place and instead indicates that he had conflicts on his schedule before the Honorable Kathleen O'Connor at the same time. Further, counsel does not explain how a regularly scheduled case scheduling order that is provided in virtually every civil case filed in Spokane County Superior Court providing a status conference date and time was completely overlooked.
>
> . . . .
>
> Orders generated by the Court setting forth a time and date for status conferences are true orders of the Court that parties and counsel are expected to follow.
>
> . . . .
>
> Here, counsel offers no viable excuse or basis to explain or otherwise make clear why counsel could not have notified this department in advance of two separate hearings that counsel would either be unable to appear or had schedule conflicts. Instead, counsel simply failed to appear at both hearings and then asks the Court to set aside a valid order of dismissal necessitated only by counsel's failure to properly note or seriously consider the importance of appearing at regularly scheduled Court hearings.

CP at 25-27. No trial court finding mentions any prejudice to Vicki Tomsha resulting from the lack of appearance of the Morrows at any hearing or because of any delay in the proceeding. The record does not disclose whether the trial court considered sanctions lesser than dismissal of the suit.

## LAW AND ANALYSIS

James and Dawn Morrow argue on appeal that the trial court abused its discretion

4

in dismissing their case after their attorney failed to appear at the case status conference hearing and a show cause hearing. They argue that dismissal is a disproportionate sanction in light of the lack of evidence that their counsel's absence at the two hearings was willful and the lack of prejudice to the opposing party. The Morrows maintain that the trial court's finding that the case was "inactive" is not supported by the record and that the court should have considered lesser sanctions before ordering dismissal.

Vicki Tomsha urges this court to affirm the trial court's dismissal of the Morrows' suit and argues that the trial court properly exercised its authority under CR 41 to dismiss a case for noncompliance with court rules. Tomsha also argues that opposing counsel willfully failed to appear at the show cause hearing since he had notice of the hearing and provided no explanation for his failure to contact the court and explain the scheduling conflict.

We join in the trial court's dissatisfaction with the Morrows' counsel's conduct. But we agree with James and Dawn Morrow that the trial court failed to follow critical principles before dismissing the action. Therefore, we remand to the trial court to review whether Vicki Tomsha was prejudiced by opposing counsel's dilatory and unreasonable behavior and to consider whether lesser sanctions suffice.

A trial court's order dismissing a case for noncompliance with court orders or rules is reviewed for abuse of discretion. *Apostolis v. City of Seattle*, 101 Wn. App. 300, 303, 3 P.3d 198 (2000). A trial court abuses its discretion when its decision is manifestly

unreasonable or based on untenable grounds. *Apostolis*, 101 Wn. App. at 303. Our trial

court did not follow established law before dismissing the suit.

Spokane County Superior Court Local Administrative Rule (LAR) 0.4.1 provides

in part:

> (b) Clerk Index Sheet, Case Assignment Notice and Order . . . [T]he clerk will issue and file a Case Assignment Notice and Order with a status conference date and will provide one copy to the party filing the initial pleading and one copy to the assigned court department. The plaintiff/petitioner may serve a copy of the Case Assignment Notice and Order on the defendants/respondents along with the initial pleadings. Otherwise, the plaintiff/petitioner shall serve the Case Assignment Notice and Order on the defendants/respondents within ten days after the later of: (1) the filing of the initial pleadings, or (2) service of the defendant's/respondent's first response to the initial pleadings whether that first response is a notice of appearance, an answer, or a CR 12 motion.
>
> . . . .
> (d) Status Conference and Case Schedule Order. All attorneys of record and/or pro se parties must attend a status conference with the assigned judge on the date and time designated by the Case Assignment Notice.
>
> . . . .
> (g) Enforcement.
> (1) Failure to comply with the Civil or Domestic Case Schedule Orders may be grounds for imposition of sanctions, including dismissal, or terms.
> (2) The Court, on its own initiative or on motion of a party, may order an attorney or party to show cause why sanctions or terms should not be imposed for failure to comply with the Civil or Domestic Case Schedule Orders established by these rules.
> (3) If the Court finds that an attorney or party has failed to comply with the Civil or Domestic Case Schedule Orders and has no reasonable excuse, the Court may order the attorney or party to pay monetary sanctions to the Court, or terms to any other party who has incurred expenses as a result of the failure to comply, or both; in addition, the Court may impose such other sanctions as justice requires.

6

In addition to the authority to dismiss a case vested by LAR 0.4.1, a trial court has discretionary authority to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Woodhead v. Disc. Waterbeds, Inc.*, 78 Wn. App. 125, 129, 896 P.2d 66 (1995). CR 41 likewise vests a trial court with authority to dismiss a case on its own motion for noncompliance with court orders or rules, so long as dismissal is not otherwise barred by the remaining provisions of the rule. *Walker v. Bonney-Watson Co.*, 64 Wn. App. 27, 37, 823 P.2d 518 (1992).

Under Washington policy, courts do not to resort to dismissal lightly. *Woodhead v. Disc. Waterbeds, Inc.*, 78 Wn. App. at 129-30. However, when a court finds that a party acted with willful and deliberate disregard of reasonable court orders and has prejudiced the other side as a result, dismissal may be warranted. *Woodhead*, 78 Wn. App. at 130; *Anderson v. Mohundro*, 24 Wn. App. 569, 575, 604 P.2d 181 (1979). A violation of a court order without reasonable excuse will be deemed willful. *Allied Fin. Servs., Inc. v. Mangum*, 72 Wn. App. 164, 168, 864 P.2d 1, 871 P.2d 1075 (1993). A trial court exercising its authority to dismiss a case for violation of court orders and rules must explicitly find that a party's failure to comply was willful and prejudiced the opposing party. *Woodhead*, 78 Wn. App. at 131-32. The court must also consider on the record whether a lesser sanction will suffice before resorting to dismissal. *Woodhead*, 78 Wn. App. at 132; *White v. Kent Med. Ctr., Inc., P.S.*, 61 Wn. App. 163, 176, 810 P.2d 4

7

(1991).

*Woodhead v. Discount Waterbeds, Inc.*, 78 Wn. App. 125 (1995) illustrates the findings needed for the trial court to dismiss a suit when a party disobeys a scheduling order. Jerry Woodhead sued Discount Waterbeds and John Nees for breach of lease. The trial court issued a scheduling order directing Woodhead to file confirmation of service by a certain date. Woodhead failed to serve any defendant by the deadline and thus Nees filed a motion to dismiss for failure to comply with King County Local Rule 4.2 and the scheduling order. In the alternative, Nees asked the court to impose lesser sanctions. The trial court found that Woodhead willfully failed to comply with the court rules and scheduling order, that such failure prejudiced defendants, and that Woodhead's counsel deliberately misled the court. This court affirmed. We observed that the lower court entered the requisite findings of willfulness and prejudice and the record reflected that the trial court considered, but declined to impose, lesser sanctions than dismissal. The opinion does not disclose the nature of the prejudice to the defendants and Woodhead did not challenge the finding of prejudice on appeal.

Our trial court did not explicitly find that James and Dawn Morrow willfully failed to appear at the show cause hearing. Nevertheless, the court found, in its order denying the Morrows' motion for reconsideration, that the Morrows' attorney provided "no viable excuse or basis to explain or otherwise make clear" why he failed to make arrangements with anyone at the court regarding his scheduling conflict on June 6. CP at 27. The

8

record substantially supports this conclusion. As noted above, violating a court order without a reasonable excuse is tantamount to a willful violation. *Allied Fin. Servs., Inc. v. Mangum*, 72 Wn. App. at 168 (1993). Thus, we reject the Morrows' contention that their violation of the court order was unintentional.

We adopt James and Dawn Morrow's observation that the trial court entered no finding that the Morrows' failure to comply with the show cause order prejudiced Vicki Tomsha. Nor did the trial court consider on the record whether it could impose lighter sanctions to compel ongoing compliance with its orders. In light of the absence of such findings and evidence supporting the findings, we reverse the trial court's dismissal of the suit. We remand for the trial court to review whether Vicki Tomsha suffered prejudice. Dismissal will be warranted only with a finding of prejudice, but even then the trial court must consider whether a lesser sanction suffices to address the willful violation of the scheduling order. In the absence of prejudice, the trial court should exercise its discretion in imposing sanctions commensurate with the violation of the order but short of dismissal.

## CONCLUSION

We reverse the trial court's dismissal of James and Dawn Morrow's complaint. We remand the case to the trial court for further proceedings consistent with this opinion.

9

No. 32615-2-III
*Morrow v. Tomsha*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Korsmo, J.

10