113 P.3d 1 (2005)
Troy LANCASTER, a married man, Respondent,
v.
Harold PERRY and Jane Doe Perry, husband and wife, and the marital community comprised thereof, Appellants.
No. 54028-9-I.
Court of Appeals of Washington, Division 1.
April 4, 2005.
Publication Ordered June 1, 2005.
Bradley D. Westphal, Mark E. Mills, Seattle, WA, for Appellant.
Michael R. Caryl, Attorney at Law, Seattle, WA, for Respondent.
COLEMAN, J.
¶ 1 Under King County Local Rule (KCLR) 26(f), witnesses not timely disclosed may not testify at trial, absent a showing of good cause. Here, the defendant failed to disclose his expert witness and did not show good cause for this failure. Moreover, the defendant did not move for a CR 35 examination of the plaintiff until after the disclosure deadlines had passed and the trial court entered an order excluding any undisclosed witnesses. Finding no abuse of discretion, we affirm.

FACTS
¶ 2 Troy Lancaster sustained injuries when he was involved in a rear-end automobile accident with Harold Perry. Lancaster sued Perry for his injuries. Perry conceded liability and that Lancaster's injuries were the result of the accident. In Plaintiff's First Set of Interrogatories, Lancaster requested the identification of any expert witnesses. In response, Perry objected to the question, stating, "Defendant will identify experts pursuant to the Local Rules." The trial court set the primary witness disclosure deadline for September 8, 2003, rebuttal witness disclosure deadline for October 20, 2003, discovery cut-off date for December 22, 2003, and trial for February 9, 2004. On September 4, 2003, Perry filed his disclosure of primary witnesses, stating, "Defendants will call those healthcare professionals who will conduct a CR 35 Examination of the Plaintiff. This CR 35 Examination has not been scheduled at this time and, accordingly, Defendants cannot identify those professionals who may conduct the examination."
¶ 3 On October 20, 2003, the rebuttal witness disclosure deadline, Perry made the following statement:
Defendants will call those healthcare professionals who will conduct a CR 35 Examination of the Plaintiff. This CR 35 Examination has not been scheduled at *2 this time and, accordingly, Defendants cannot identify those professionals who may conduct the examination. However it is likely the CR 35 examination will be conducted by either Dr. Robert Price or Dr. Patrick Baze or Dr. Larry Gorman.
The parties attended a mediation on November 10, 2003, but did not settle. Two days later, Lancaster filed a Motion to Exclude Undisclosed Expert and Fact Witnesses, arguing that Perry had not complied with KCLR 26 and CR 26(b)(4). At this point, Perry had not yet requested a CR 35 examination. In response to this motion, Perry argued that he had complied with the local rules and identified dates in which Dr. Robert Price was available to conduct the CR 35 examination. On November 26, 2004, the trial court entered an order striking Perry's "undisclosed" witnesses. The court specifically found that Perry's actions were "done intentionally and/or for tactical advantage." Additionally, the trial court found that no just cause under KCLR 26(e) existed to allow any undisclosed witnesses to testify. The court noted, "KCLR 26 needs to be taken more seriously."
¶ 4 On December 4, 2003, Perry moved for reconsideration of the trial court's order striking his witness and for the first time sought an order compelling Lancaster's attendance at a CR 35 examination. The trial court denied Perry's motion. The case proceeded to trial before a jury, where Perry was not allowed to present expert testimony. The jury awarded a verdict for Lancaster, and the trial court entered a judgment on the verdict against Perry. Perry moved for a new trial. The trial court denied Perry's motion. Perry appeals.

STANDARD OF REVIEW
¶ 5 We review a trial court's decision to exclude a witness for an abuse of discretion. Burnet v. Spokane Ambulance, 131 Wash.2d 484, 494, 933 P.2d 1036 (1997). This "`determination should not be distributed on appeal except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" Burnet, 131 Wash.2d at 494, 933 P.2d 1036 (quoting Associated Mortgage Investors v. G.P. Kent Constr. Co., 15 Wash.App. 223, 229, 548 P.2d 558 (1976)).

ANALYSIS
¶ 6 Perry argues that the trial court erred in determining that he failed to comply with the rules of discovery. Perry argues that he properly and timely disclosed his expert witness. Under King County Local Rules, parties must disclose primary and rebuttal witnesses according to the case management schedule set for the case. KCLR 26(b). These disclosures "shall include ... [n]ame, address, and phone number." KCLR 26(b)(3)(A). Additionally, for expert witnesses, the disclosure must include a "summary of the expert's opinions and the basis therefor and a brief description of the expert's qualifications." KCLR 26(b)(3)(C). Here, Perry stated in his primary witness disclosure, "Defendants will call those healthcare professionals who will conduct a CR 35 Examination of the Plaintiff. This CR 35 Examination has not been scheduled at this time and, accordingly, Defendants cannot identify those professionals who may conduct the examination." Additionally, in his rebuttal disclosure, Perry stated,
Defendants will call those healthcare professionals who will conduct a CR 35 Examination of the Plaintiff. This CR 35 Examination has not been scheduled at this time and, accordingly, Defendants cannot identify those professionals who may conduct the examination. However it is likely the CR 35 examination will be conducted by either Dr. Robert Price or Dr. Patrick Baze or Dr. Larry Gorman.
Perry argues that these disclosures were sufficient to satisfy the spirit of KCLR 26 and therefore he complied with the discovery rules. Lancaster, on the other hand, argues that these disclosures do not comply with the discovery rules. According to the official comment, "[KCLR 26] sets a minimum level of disclosure that will be required in all cases, even if one or more parties have not formally requested such disclosure in written discovery." It is clear that Perry's disclosures did not meet the minimum requirements of the rules.
*3 ¶ 7 Under King County Local Rules, "Any person not disclosed in compliance with this rule may not be called to testify at trial, unless the Court orders otherwise for good cause and subject to such conditions [a]s justice requires." KCLR 26(f). Lancaster argues that under this rule, the presumptive sanction for failing to disclose a witness is exclusion and that Burnet does not apply. Perry, on the other hand, argues that the trial court was required to follow the standard set forth in Burnet before excluding the witness's testimony.
¶ 8 In Burnet, a medical malpractice case, the trial court determined that the plaintiffs had not sufficiently pleaded or given notice to the defendants of their claim of negligent credentialing and issued an order stating: "`[N]o claim of corporate negligence regarding credentialing is at issue in this litigation and there shall be no further discovery ... on that issue.'" Burnet, 131 Wash.2d at 491, 933 P.2d 1036. Division Three concluded that the issue of negligent credentialing was properly pleaded, but determined that the trial court properly excluded the testimony because the plaintiffs did not comply with the trial court's discovery order. The Supreme Court reversed, holding that the trial court abused its discretion in removing the claim of negligent credentialing from the case because the trial court did not find that plaintiff's discovery violation was willful and that the sanction of excluding the entire claim was too harsh. Subsequent cases have read Burnet to require that before evidence is excluded for a discovery violation under CR 37, the trial court must (1) find that the party's violation was willful, (2) find that the violation substantially prejudiced the opposing party, and (3) consider, on the record, whether lesser sanctions would sufficiently address the violation.
¶ 9 Burnet does not apply here. In Burnet, the name of the specific witness was known. Here, Perry failed to even name his expert witness. Perry points out that he gave the names of three possible witnesses in his rebuttal witness disclosure. This, however, is not helpful. If the specific witness is identified, the opposing party may at least seek to depose the witness. Here, no CR 35 examination, which would serve as the basis for the expert's testimony, had even been requested or ordered, let alone conducted. Because the unspecified expert witness would not know the substance of his testimony, having not conducted a CR 35 examination, Lancaster would not be able to obtain any useful information through a deposition.
¶ 10 More importantly, Perry did not have the right to call this witness absent court order. CR 35[1] is not self-executing; in order to conduct a CR 35 examination a party must obtain the agreement of opposing counsel or must obtain a court order. Perry argues that most CR 35 examinations are conducted by agreement of the parties and, thus, a court order is not necessary. That may be so, but without an agreement, a court order is necessary. And in order to obtain a court order, the party seeking the CR 35 examination must show that it is entitled to conduct the examination. There is no evidence here that Perry sought an agreement to conduct a CR 35 examination. Thus, in order to go forward with the examination, Perry needed a court order. In spite of a clear request to disclose the name of his expert witness, Perry did not move to conduct a CR 35 examination until after the witness disclosure dates passed and the trial court granted Lancaster's motion to prevent Perry from calling an expert witness. Perry argues that his request for a CR 35 examination was timely because it was made before the discovery cut-off date. The purpose of the case management schedule and disclosure deadlines is to have an orderly process by which a case can proceed. Requiring *4 parties to disclose witnesses allows the opposing party time to prepare for trial and conduct the necessary discovery in a timely fashion. Allowing disclosures to be made in the manner suggested by Perry, in the absence of good cause that is not present here, would frustrate the purpose of the scheduling rules. Under the circumstances, the trial court did not abuse its discretion in excluding Perry's witness.[2]
¶ 11 Affirmed.
WE CONCUR: GROSSE and SCHINDLER, JJ.
NOTES
[1] Under CR 35:

"When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical examination by a physician, or mental examination by a physician or psychologist or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."
[2] While it would have been preferable for the trial court to analyze, on the record, the prejudice that would ensue if Perry were allowed to conduct an untimely CR 35 examination and present the examiner's testimony and the suitability of lesser sanctions, the trial court was within its discretion in excluding Perry's witness.