IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| Jennifer Tyler, an individual, | ) | |
| | ) | No. 36196-9-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHELAN COUNTY, by and through its | ) | UNPUBLISHED OPINION |
| agency the CHELAN COUNTY | ) | |
| SHERIFF'S OFFICE, a Washington | ) | |
| Municipal Corporation, | ) | |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — This appeal primarily is concerned with attorney fees. We affirm in part and remand in part.

## FACTS

Appellant Jennifer Tyler was hired as a deputy sheriff for Chelan County in 2006, but was terminated four years later. She filed a grievance through her union and ultimately prevailed in arbitration. Her victory resulted in the county paying her a lump

sum of $112,763.60 in back pay and benefits. She also was reinstated to her position in early 2013.

In December 2013, Tyler sued the county under the Washington Law Against Discrimination (WLAD), ch. 49.60 RCW, alleging that she had been the subject of retaliation before and after her reinstatement. That matter proceeded to jury trial, with the jury ultimately concluding that the 2010 termination had been the product of retaliation and that retaliation continued upon her reinstatement. Tyler received an award of $6,500 in economic damages and a total of $500,000 in emotional distress damages. She also requested that the court award her $839,222.17 in attorney fees and costs.

Prior to trial, Tyler sought sanctions under CR 26(g) due to discovery violations. She requested monetary sanctions, as well as $15,411.10 in attorney fees and costs for 37.2 hours of work in requesting supplemental discovery, conducting a deposition, and moving for sanctions. The trial court determined that the county had violated its discovery obligations and that sanctions were appropriate. The court indicated it would determine the nature and amount of sanctions at a future time.

The court took up the discovery sanction issue when it analyzed the attorney fee request. The court reduced the hourly rate sought by Tyler's attorneys and eliminated double billing, ultimately awarding a total of $448,659.45 in attorney fees and costs governing the trial and pretrial periods. Turning to the issue of discovery sanctions, the court stated: "As the Court has already awarded attorney fees, the Court does not feel any

2

further sanctions are necessary or appropriate." Clerk's Papers (CP) at 990. The court

noted that the discovery violation had not harmed the plaintiff's case and that the defense

attorney had not been involved in ethical or "discovery issues in the past." *Id*.

Tyler also sought an award of supplemental damages to offset the tax

consequences of her arbitration award and the award of economic damages. The court

declined Tyler's request for a tax offset award because she had prevailed on the

arbitration in 2013 and it was not a part of the trial.

Appellant also sought attorney fees for posttrial work. The court denied the

request, stating:

> The Court denies any further costs and fees for post-trial motions for a
> number of reasons, one of which is because of the blocked billing
> submitted by Plaintiff's Counsel, the Court was not able to determine how
> much time and effort was spent on motions concerning the arbitration,
> which were denied on several occasions, including the motion submitted
> post-trial.

CP at 1032.

Ms. Tyler timely appealed to this court. A panel considered her appeal without

hearing oral argument.

ANALYSIS

Ms. Tyler raises three issues. In order, we consider her contentions that the trial

court erred in not awarding sanctions, erred in not awarding a tax offset, and erred in

denying her posttrial attorney fees. Only the final argument has merit.

3

No. 36196-9-III
*Tyler v. Chelan County*

*Sanctions*

Ms. Tyler contends that the court erred in not awarding her mandatory sanctions. However, the court did award a sanction of attorney fees. This claim is without merit.

This court reviews discovery sanction rulings for abuse of discretion. *Blair v. TA-Seattle E. No. 176*, 171 Wn.2d 342, 348, 254 P.3d 797 (2011); *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 338, 858 P.2d 1054 (1993). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

CR 26(g) in part provides:

> Every request for discovery or response or objection thereto made by a party represented by an attorney shall be signed by at least one attorney of record . . . . The signature of the attorney or party constitutes a certification that he has read the request, response, or objection, and that to the best of his knowledge, information, and belief formed after a reasonable inquiry it is: (1) consistent with these rules . . . (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . . .
>     *If a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification . . . an appropriate sanction*, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney fee.

(Emphasis added.)

The emphasized language mandates that a court sanction a person who violates the rule. *Fisons*, 122 Wn.2d at 355. How to sanction the person is left to the discretion of the trial judge, who is to consider the least severe sanction necessary to support the

4

purpose of the sanction. *Id*. at 355-56. The sanction should be sufficient to further the goals of discovery and insure that there is no profit from the violation. *Id*. at 356. The court also should consider the wrongdoer's intent and whether the responding party failed to mitigate its damages. *Id*.

Here, the court did follow *Fisons* and entered a sanction award. The court expressly stated that it awarded attorney fees for the pretrial period and did not feel that "further sanctions are necessary or appropriate." CP at 990. In limiting its award to the attorney fees incurred, the court noted that the violation[1] did not harm the plaintiff. The behavior also was out of character for the defense. Under these circumstances, the trial judge had very tenable reasons for concluding that the violation had been adequately remedied.

Appellant has not established that the trial judge abused its discretion. The court was required to make an award, which it did.[2] The court was not required to award everything that Ms. Tyler sought. There was no error.

---

[1] An unidentified person provided Ms. Tyler with discoverable documents that should have been, but apparently were not, preserved by the county. Ms. Tyler obtained the documents, but not from the county.

[2] In the course of its lodestar analysis, the court only awarded fees for successful work in the pretrial stage. There would have been no award unless the court found the motion meritorious because the county had violated its obligations. The award of attorney fees on this issue constituted a penalty that directly addressed the violation.

*Tax Offset*

Ms. Tyler next argues that the court erred in failing to award her a tax offset for the arbitration and economic damages awards. The former award was not before the jury and the latter did not trigger any tax consequences. Accordingly, there was no error.

A successful plaintiff in a WLAD action may recover actual damages, attorney fees and costs, "or any other appropriate remedy." RCW 49.60.030(2). The term "any other appropriate remedy" includes "offset for additional federal income tax consequences." *Blaney v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 160*, 151 Wn.2d 203, 216, 87 P.3d 757 (2004). A plaintiff may only recover a tax offset for economic damages. *Chuong Van Pham v. Seattle City Light*, 159 Wn.2d 527, 534-537, 151 P.3d 976 (2007).

There were two components to the tax offset request. Plaintiff does not argue that the $6,500 awarded as economic damages by the jury independently triggered any tax consequences, and the defense evidence suggested that it did not. CP at 806, 985. Plaintiff does argue that the 2013 arbitration award did justify a tax offset. There are a couple of problems with this argument.

First, the jury's verdict addressed economic damages from the date of termination to the present, yet returned only $6,500 in economic damages. Report of Proceedings at 1674. The jury's verdict does not establish that the economic damages awarded in arbitration, a topic that was not before the jury, were the product of discrimination. More

6

importantly, Ms. Tyler accepted the back pay in 2013 and did not challenge the figure. She cannot now claim that it was inadequate. Indeed, on this record we do not know whether or not the arbitration award included a tax offset or not.

Ms. Tyler simply failed to prove her claim that she was entitled to a tax offset. The trial court did not err in rejecting the request.

*Posttrial Attorney Fees*

Lastly, Ms. Tyler argues that she was entitled to attorney fees for successful posttrial motion work. The trial court rejected the request on the basis that it could not tell from the "block billing" whether counsel were seeking fees for unsuccessful motions. We believe the court may have misread the materials submitted.

An attorney fee award is available under WLAD. RCW 49.60.030(2). The party claiming attorney fees bears the burden of proving the reasonableness of its fee request. *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 151, 859 P.2d 1210 (1993). We review an attorney fee award for abuse of discretion. *Bright v. Frank Russell Inv.*, 191 Wn. App. 73, 78, 361 P.3d 245 (2015).

As noted earlier, the court rejected the request for attorney fees "for a number of reasons," including the fact that it could not tell whether fees were being requested for unsuccessful claims and/or were duplicative of previously rejected requests. CP at 1032. However, each attorney filed an affidavit insisting that he or she was requesting fees solely for successful posttrial motions. CP at 994, 1003. These declarations permitted

7

the trial court to conclude that counsel had properly limited their requests. Or not. The trial court may have found the declarations to not be credible in light of the previous requests for fees on unsuccessful claims.[3] *Compare* CP at 989 (noting it could not tell "how much was charged for requesting compensation *ad nauseum* for litigation that has already occurred.") If so, it needed to say that. The court's ruling also suggested that insufficient billing detail was a significant factor, although it also tied that factor to the duplicative billing concerns.[4] CP at 1032. If so, counsel simply may have failed to prove their case. *Fetzer*, 122 Wn.2d at 151.

In both examples, the court's ruling leaves us unclear of the specific reason the court rejected the fee request. If the court found the request not credible or not proved, it needed to say so. The stated rationale, however, fails in light of the attorney declarations. For that reason, we remand for further consideration of the request for posttrial attorney fees.

*Fees and Costs on Appeal*

Tyler also requests we award attorney fees on appeal. *See*, *Blaney*, 151 Wn.2d at 217-218; *Bright*, 191 Wn. App. at 86. Tyler, who spent the bulk of her briefing efforts on

---

[3] Respondent believes the claims are inaccurate. Br. of Resp't at 40-45.

[4] It might be advisable for Tyler's attorneys to file, in a separate document, the details of their time spent on unsuccessful matters to allow the trial judge to compare and contrast the time with that spent on successful claims.

the two unsuccessful claims, is not a substantially prevailing party in this appeal. On that basis, we deny her request.

We likewise decline to award fees on the issue of posttrial fees. Whether or not she prevails on that topic is yet to be determined, but, even if she does, her wounds are largely self-inflicted, so we decline to authorize the trial court to award fees for appellate briefing. The trial court remains free to grant fees for efforts in that court related to successful recovery of attorney fees.

Affirmed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Pennell, A.C.J.

_____
Maxa, J.[5]

---

[5] Judge Bradley Maxa is a Division II judge serving with the Court of Appeals, Division III, under CAR 21(a).